IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| AGRI STAR MEAT & POULTRY LLC and IOWA POULTRY FARMS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MORIAH CAPITAL, L.P.,<br><br>Defendant. | NO.<br><br>**COMPLAINT<br>AND<br>JURY DEMAND** |

COME NOW, the Plaintiffs, Agri Star Meat & Poultry LLC and Iowa Poultry Farms, LLC, by and through their undersigned attorneys, and hereby state and allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Agri Star Meat & Poultry LLC ("Agri Star") is a limited liabilty company organized and operated under the laws of the State of Iowa with its principal place of business at 220 North West Street, Postville, Iowa 52162.

2. Plaintiff Iowa Poultry Farms, LLC ("IPF") is a limited liability company organized and operated under the laws of the State of Iowa with its principal place of business at 220 North West Street, Postville, Iowa 52162.

3. Upon information and belief, Defendant Moriah Capital, L.P. ("Moriah") is a limited partnership organized and operated under the laws of the State of Delaware with its principal place of business at 685 Fifth Avenue, New York, New York 10022.

4. This Court has personal jurisdiction over all of the parties to the above-captioned lawsuit.

5. This Court has subject matter jurisdiction over the causes of action asserted in the above-captioned lawsuit pursuant to 28 U.S.C. § 1332. All the members of the Plaintiffs, Agri Star Meat & Poultry LLC and Iowa Poultry Farms, LLC, are diverse from all the limited and general partners of the Defendant, Mariah Capital, L.P. Therefore, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

6. Venue is proper in the Northern District of Iowa pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS COMMON TO ALL COUNTS

7. Plaintiff Agri Star is in the business of producing and selling beef and poultry products in the United States and internationally. Plaintiff Agri Star offers kosher and non-kosher beef, veal, lamb, turkey, and chicken products to its customers.

8. Plaintiff IPF is in the business of owning facilities that are used by Agri Star to raise broiler chickens for its operations.

9. During late Spring 2010, and for a period of over two months, Plaintiffs entered into extensive negotiations with Defendant Moriah for the purchase of four chicken raising facilities in Clayton County, Iowa (the "Real Property"). The legal description for the Real Property is attached hereto and by this reference incorporated herein as Exhibit 1.

10. During such negotiations, Defendant repeatedly represented to Plaintiffs that it controlled the Real Property and could promptly convey marketable title to Plaintiffs free and clear of all liens, claims, taxes, and other liabilities if Plaintiffs would agree to a purchase price for the Real Property satisfactory to Defendant. Defendant indicated to Plaintiffs that it would require a purchase price of not less than $1.3 million for the Real Property, cash at closing.

Defendant did not indicate that it did not have or could not obtain marketable title to the Real Property. Rather, Defendant repeatedly stressed during such negotiations that Defendant wanted the purchase and sale of the Real Property to close quickly. While Plaintiffs did not want to pay the purchase price demanded by Defendant for the Real Property, Plaintiffs ultimately agreed to do so based on Defendant's representations and Defendant's stated desire to close the transaction quickly.

11. Relying on Defendant's representations, Plaintiffs, on or prior to July 22, 2010, entered into a contract with Defendant for the purchase and sale of the Real Property. Pursuant to the parties' agreement, Defendant agreed to convey marketable title to Plaintiffs in exchange for $1.3 million free and clear of all liens, claims, taxes, and other liabilities and Defendant agreed to close the transaction expeditiously (the "Agreement"). The Agreement is attached hereto and by this reference incorporated herein as Exhibit 2.

12. Relying on Defendant's representations that the transaction would close expeditiously and that Plaintiffs would have immediate possession of the Real Property, Plaintiffs discontinued their negotiations for the use of other chicken raising facilities and the owners of those facilities subsequently made other arrangements.

13. Shortly after making the Agreement, and contrary to the Agreement, Defendant notified Plaintiffs that in fact it did not possess title to the Real Property. Rather, Defendant informed Plaintiffs that its only interest in the Real Property was that of a lender holding a mortgage that encumbered the Real Property, and that Defendant's loan was also secured by one or more personal guarantees by the shareholders of the corporation that did in fact own the Real Property. Defendant also informed Plaintiffs that although the loan and mortgage on the Real

Property was in default and although the Real Property had not been generating any revenue for Defendant, Defendant had failed to even initiate foreclosure actions against the Real Property.

14. When Plaintiff was apprised by Defendant of the actual state of affairs regarding the Real Property, Plaintiff demanded that Defendant take action to fulfill its contractual obligations and convey the Real Property to Plaintiff. Defendant then informed Plaintiff that it would approach a representative of the owners of the Real Property, would obtain their cooperation and Defendant would then convey or cause to be conveyed the Real Property to Plaintiffs.

15. After Defendant allegedly met with the representative of the owners of the Real Property, Defendant informed Plaintiffs that Defendant was unwilling to pursue the owners with respect to one or more personal guarantees of the loan due to a personal relationship with the owners, even though Defendants knew at the time they made the Agreement that the agreed-upon purchase price would result in a deficiency under the loan. Defendant had not previously disclosed the existence of the personal guaranties. Defendant then requested that Plaintiffs agree to a $300,000 increase in the purchase price of the Real Property so as to allow Defendant to avoid pursuing the guarantors. Plaintiffs refused and demanded Defendant perform its obligations under the Agreement as agreed, which Defendant has continued to refuse to do.

16. As a result of Defendant's failure to perform its obligations under the Agreement, Plaintiffs have suffered damages and to date have been unable to locate suitable alternate facilities in which to raise their chickens.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT (DAMAGES)

17. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-16 above.

18. Not later than July 22, 2010, Plaintiffs and Defendant entered into a contract with the Defendant for the sale of the Real Property for $1.3 million.

19. Pursuant to the parties' Agreement, Defendant agreed to convey marketable title to the Real Property to Plaintiffs for $1.3 million free and clear of all liens, claims, taxes, and other liabilities and to close the transaction as soon as possible.

20. However, based on Defendant's statements, it appears Defendant currently does not have marketable title to the Real Property. Defendant has also refused to obtain title to the Real Property and transfer the Real Property to Plaintiffs for $1.3 million.

21. Defendant has refused to perform its obligations under the Agreement and is in breach of the parties' Agreement.

22. As a result of Defendant's breach, Plaintiffs have suffered actual and consequental damages far greater than $75,000, damages that may be in the millions of dollars.

WHEREFORE, Plaintiffs, Agri Star Meat & Poultry LLC and Iowa Poultry Farms, LLC, pray that this Court enter judgment in their favor and against Defendant Moriah Capital, L.P. in an amount to be determined at trial, that this Court assess the costs of this action against Defendant, including Plaintiffs' attorneys' fees, and for such other and further relief as is just and equitable in the premises.

## COUNT II – BREACH OF CONTRACT (SPECIFIC PERFORMANCE)

23. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-22 above.

24. Not later than July 22, 2010, Plaintiffs and Defendant entered into a contract with the Defendant for the sale of the Real Property for $1.3 million.

25. Pursuant to the parties' Agreement, Defendant agreed to convey marketable title to the Real Property to Plaintiffs for $1.3 million free and clear of all liens, claims, taxes, and other liabilities and to close the transaction as soon as possible.

26. The parties' Agreement was definite and certain, free from doubt, vagueness, and ambiguity in its essential elements and material terms.

27. However, contrary to the Agreement, Defendant currently does not have marketable title to the Real Property and has also refused to obtain title to the Real Property and transfer the Real Property to Plaintiffs for $1.3 million.

28. Defendant has refused to perform its obligations under the Agreement and is in breach of the parties' Agreement.

29. Defendant's breach of the Agreement has and will continue to cause Plaintiffs to incur damages.

30. It would be unjust and inequitable not to require Defendant to fully perform its obligations under the Parties' Agreement.

31. Therefore, Plaintiffs seek an order from this Court compelling the Defendant to comply with its contractual obligations by either (1) conveying to Plaintiffs marketable title to the Real Property in exchange for $1.3 million; or (2) undertaking whatever procedures are necessary to obtain marketable title to the Real Property and then conveying the Real Property to Plaintiffs in exchange for $1.3 million.

WHEREFORE, Plaintiffs, Agri Star Meat & Poultry LLC and Iowa Poultry Farms, LLC, ask that this Court enter judgment in their favor, and against Defendant Moriah Capital, L.P. by ordering Defendant to specifically perform its contractual obligations, that this Court assess the costs of this action against Defendant, including Plaintiffs' attorneys' fees, and for such other and further relief as is just and equitable in the premises.

## COUNT III – PROMISSORY ESTOPPEL

32. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-31 above.

33. The Defendant promised to the Plaintiffs that it controlled the Real Property and could promptly convey marketable title to the Real Property to Plaintiffs for $1.3 million free and clear of all liens, claims, taxes, and other liabilities.

34. The Defendant knew and had a clear understanding that the Plaintiffs needed the Real Property promptly because Plaintiffs had chickens that it needed to raise for their businesses.

35. Defendant also knew and had a clear understanding that the Plaintiffs were in negotiations with other chicken raising facilities.

36. Therefore, Defendant also promised that the sale of the Real Property would occur expeditiously.

37. Relying on such representations, Plaintiffs, not later than July 22, 2010, promised to purchase the Real Property from the Defendant for $1.3 million and discontinued its other negotiations.

38. Without the Defendant's promise that it would convey marketable title to the Real Property for $1.3 million and that the sale of the Real Property would occur expeditiously,

Plaintiffs would not have agreed to purchase the Real Property and would have continued its other negotiations.

39. However, based on Defendant's statements, it appears Defendant does not have marketable title to the Real Property and has refused to convey the Real Property to Plaintiffs for $1.3 million.

40. As a result of their reliance on Defendant's promise, Plaintiffs are unable to locate other chicken raising facilities to purchase and/or rent and, consequently, injustice can only be avoided by enforcement of the Defendant's promise.

WHEREFORE, Plaintiffs, Agri Star Meat & Poultry LLC and Iowa Poultry Farms, LLC, pray that this Court enter judgment in their favor and against Defendant Moriah Capital, L.P. in an amount to be determined at trial, that this Court assess the costs of this action against Defendant, including Plaintiffs' attorneys' fees, and for such other and further relief as is just and equitable in the premises.

## COUNT IV – FRAUDULENT INDUCEMENT

41. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-40 above.

42. Defendant knowingly made material misrepresentations regarding the Real Property.

43. The material misrepresentations were made on and prior to July 22, 2010 and supplied by the Defendant to the Plaintiffs.

44. The material misrepresentations were that the Defendant had marketable title to the Real Property, would convey marketable title to the Real Property for $1.3 million, and that the sale would take place expeditiously.

45. Defendant made such material misrepresentations with the intent to induce Plaintiffs to enter into the Agreement to purchase the Real Property and to discontinue their negotiations with other chicken raising facilities.

46. Plaintiffs justifiably relied on Defendant's material misrepresentations.

47. As a result of Defendant's misrepresentations, Plaintiffs have been damaged in an amount far greater than $75,000 damages that may be in the millions of dollars.

WHEREFORE, Plaintiffs, Agri Star Meat & Poultry LLC and Iowa Poultry Farms, LLC, pray that this Court enter judgment in their favor and against Defendant Moriah Capital, L.P. in an amount to be determined at trial, that this Court assess the costs of this action against Defendant, including Plaintiffs' attorneys' fees, and for such other and further relief as is just and equitable in the premises.

## COUNT V – FRAUDULENT MISREPRESENTATION

48. The Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1-47 above.

49. Defendant knowingly made material misrepresentations regarding the Real Property.

50. The material misrepresentations were made on and prior to July 22, 2010 and supplied by the Defendant to the Plaintiffs.

51. The material misrepresentations were that the Defendant had marketable title to the Real Property, would convey marketable title to the Real Property for $1.3 million, and that the sale would take place expeditiously.

52. Defendant made such material misrepresentations with the intent to induce Plaintiffs to purchase the Real Property and to discontinue their negotiations with other chicken

raising facilities.

53. Plaintiffs justifiably relied on such material misrepresentations.

54. As a result of Defendant's misrepresentations, Plaintiffs have been damaged in an amount far greater than $75,000, damages that may be in the millions of dollars.

WHEREFORE, Plaintiffs, Agri Star Meat & Poultry LLC and Iowa Poultry Farms, LLC, pray that this Court enter judgment in their favor and against Defendant Moriah Capital, L.P. in an amount to be determined at trial, that this Court assess the costs of this action against Defendant, including Plaintiffs' attorneys' fees, and for such other and further relief as is just and equitable in the premises.

## COUNT VI – NEGLIGENT MISREPRESENTATION

55. The Plaintiffs realleges and incorporates by reference the allegations contained in paragraphs 1-54 above.

56. Defendant negligently made material misrepresentations regarding the Real Property.

57. The false information was made on and prior to July 22, 2010 and supplied by the Defendant to the Plaintiffs.

58. The false information was that the Defendant had marketable title to the Real Property, would convey marketable title to the Real Property for $1.3 million, and that the sale would take place expeditiously.

59. In supplying the false information, Defendant failed to exercise reasonable care or competence in obtaining or communicating information to the Plaintiffs.

60. The false information communicated by the Defendant was material and Plaintiffs justifiably relied in good faith on the information to their detriment.

61.   As a result of the Defendant's negligent misrepresentations, Plaintiffs have been damaged in an amount far greater than $75,000 damages that may be in the millions of dollars.

WHEREFORE, Plaintiffs, Agri Star Meat & Poultry LLC and Iowa Poultry Farms, LLC, pray that this Court enter judgment in their favor and against Defendant Moriah Capital, L.P. in an amount to be determined at trial, that this Court assess the costs of this action against Defendant, including Plaintiffs' attorneys' fees, and for such other and further relief as is just and equitable in the premises.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues raised herein triable to a jury.

Dated: August 9, 2010

AGRI STAR MEAT & POULTRY LLC and IOWA POULTRY FARMS, LLC


By: /s/ Rachel T. Rowley
    Rachel T. Rowley, AT0009517
    Brant D. Kahler, AT0009819

BROWN, WINICK, GRAVES, GROSS, BASKERVILLE AND SCHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: 515-242-2400
Facsimile: 515-242-2488
E-mail: Rowley@brownwinick.com
        Kahler@brownwinick.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 9th day of August, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which, pursuant to Local Rule 5.3(k)(1), will send a notice of electronic filing to the following:


      /s/ Rachel T. Rowley